UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR-06-14-B-W |
| | ) | |
| STEVEN LEMIEUX | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON GOVERNMENT'S MOTION IN LIMINE**

Defendant Steven Lemieux may not open a predicate conviction to collateral attack at the upcoming trial for a firearms offense.

**I. Statement of Facts**

Steven Lemieux is charged in a two-count Indictment alleging that on two separate occasions in 2005 he knowingly made false statements to a firearms dealer intended to or likely to deceive the dealer for the purpose of buying a firearm, conduct in violation of 18 U.S.C. § 922(a)(6). More specifically, the Government alleges that Mr. Lemieux answered "No", to question 12.i. of a Department of the Treasury, Bureau of Alcohol, Tobacco and Firearms, Firearms Transaction Record (ATF Form 4473), which reads as follows: "Have you ever been convicted of a misdemeanor crime of domestic violence?". The Government anticipates that, contrary to this representation, the evidence will show that on February 4, 2004, the defendant was found guilty after trial in Maine Superior Court of assault in violation of 17-A M.R.S.A. § 207(1), that the victim of the assault was his wife, and that the defendant's conviction was affirmed on January 5, 2005 - one week before the first alleged violation.

Having learned that the Defendant claims he is actually innocent of assaulting his wife, the Government filed a motion in limine to preclude "defense counsel from inquiring into the underlying factual basis for the defendant's conviction for a misdemeanor crime of domestic violence (except for the fact that the victim was the defendant's wife) and precluding the defendant from making any statement, spontaneous or otherwise, concerning his claim of innocence." *See Gov.'s Mot. in Limine* at 2 (Docket # 17).  Defendant objects.  *Def.'s Obj. to Gov.'s Mot. in Limine* (Docket # 19).

**II. Discussion**

Section 922(a) provides that it shall be unlawful:

(6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, <u>knowingly to make any false or fictitious oral or written statement</u> or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

*Id.* (emphasis supplied).  Jury instructions in the First Circuit have clarified that the Government need prove three elements: (1) that defendant knowingly made a false statement as charged in the Indictment; (2) that at the time he made the statement, defendant was trying to buy a firearm from a licensed firearm dealer; and, (3) that the statement was intended to, or likely to, deceive the licensed dealer about a fact material to the lawfulness of the sale.  *See* Judge Hornby's Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit (2005) at § 4.18.922(a).

Here, the gravamen of the Indictment was that the false statements on the firearms applications concerned his prior conviction.  As such, the Government "bears the initial burden of showing that the defendant was indeed convicted of a predicate misdemeanor

2

offense…." *United States v. Hartsock*, 347 F.3d 1, 4 (1st Cir. 2003). In *Hartsock*, for example, the Government carried its burden "by introducing a certified copy of Hartsock's conviction for assault and by Hartsock's stipulation that the assault involved domestic violence." *Id.* Although the Defendant may raise the affirmative defense that the conviction falls within a statutory exception for which he has the burden of persuasion, *id.* at 7-9, there is nothing to suggest Mr. Lemieux's objection to the conviction does so. He is also free to collaterally attack his conviction in another forum, *see United States v. Snyder*, 235 F.3d 42, 51-52 (1st Cir. 2000), but there is no suggestion he has done so.

Instead, Mr. Lemieux asserts the right to claim during his trial on the pending charge that he was actually innocent of the predicate conviction. This he cannot do. The United States Supreme Court resolved this issue in *Lewis v. United States,* 445 U.S. 55 (1980). *Lewis* expressly held that a "firearms prosecution does not open the predicate conviction to a new form of collateral attack." *Id.* at 67. In *Lewis*, the Court upheld the use of a predicate conviction in a felon in possession case, despite the fact it "was uncounseled and therefore obtained in violation of the Sixth and Fourteenth Amendment rights of the defendant…." *See United States v. Mendoza-Lopez*, 481 U.S. 828, 840 (1987)(explaining *Lewis*); *Snyder,* 235 F.3d at 51-53 (conviction later vacated can still serve as a predicate conviction); *United States v. Currier*, 821 F.2d 52, 59-60 (1st Cir. 1987)(*Lewis* extends to convictions while on appeal).

## II. Conclusion

The Government's motion in limine (Docket No. 17) is GRANTED. Defense counsel is prohibited from inquiring into the underlying factual basis for the defendant's

4

conviction for a misdemeanor crime of domestic violence (except for the fact that the victim was defendant's wife), and, if he elects to testify, Defendant is precluded from making any statement concerning his claim of innocence of the conduct underlying the predicate offense.

SO ORDERED.

                              /s/ John A. Woodcock, Jr.
                              JOHN A. WOODCOCK, JR.
                              UNITED STATES DISTRICT JUDGE

Dated this 31st day of March, 2006